**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 25-4338**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAKEIM WEEKS,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00200-D-BM-6)

─────────

Submitted:  June 25, 2026                Decided:  June 29, 2026

─────────

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shakeim Weeks appeals the sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 846. The charge was based on Weeks's involvement in a fentanyl trafficking organization led by his nephew, during which Weeks was arrested with 100,000 fentanyl pills, equivalent to 11 kilograms of fentanyl, after traveling to Arizona to obtain the drugs and transport them back to North Carolina. The district court calculated an advisory Sentencing Guidelines range of 151 to 188 months' imprisonment and imposed a within-Guidelines sentence of 168 months. On appeal, Weeks challenges his sentence as procedurally unreasonable. For the following reasons, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

Weeks first contends that the district court erred by declining to apply a mitigating role reduction in calculating the Guidelines range. *See* U.S. Sentencing Guidelines Manual § 3B1.2 (2024). He also asserts that the court should have applied a corresponding base offense level reduction. *See* USSG § 2D1.1(a)(5). Under the Guidelines, a defendant is eligible for a mitigating role reduction if he was "substantially less culpable than the

2

average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(A). If the defendant was a "minimal participant," he may receive a 4-level reduction, and if he was a "minor participant," he may receive a 2-level reduction. USSG § 3B1.2(a), (b). For cases in between minimal and minor participation, a defendant can receive a three-level reduction. USSG § 3B1.2. This fact-based determination is based on "the totality of the circumstances," and the Guidelines commentary identifies five relevant factors: "the defendant's understanding of the criminal activity, the defendant's role in planning it, the degree to which the defendant made decisions, the extent of the defendant's participation, and the benefit the defendant stood to gain." *United States v. Lawson*, 128 F.4th 243, 252 (4th Cir. 2025) (citing USSG § 3B1.2 cmt. n.3(C)). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999).

Reviewing for clear error, we find none. *See Lawson*, 128 F.4th at 249. The district court carefully considered each of the five factors, finding that Weeks (1) demonstrated his understanding of the scope and structure of the conspiracy by describing the details of the interstate trafficking scheme in text messages; (2) participated in the planning of the criminal activity by agreeing to drive the drugs from Arizona to North Carolina; (3) exercised decision-making authority in planning and agreeing to front the drugs to others; (4) exercised responsibility and discretion in deciding how to dispose of the drugs; and (5) stood to benefit by moving up in the criminal organization in order to be more of a supplier than a seller. On this record, the district court did not err in finding that Weeks was not substantially less culpable than the average participant. And, because Weeks was not

3

entitled to a mitigating-role adjustment, he likewise was ineligible for the corresponding base level reduction under USSG § 2D1.1(a)(5).

Next, Weeks contends that the court inadequately addressed his mitigation arguments, including his contention that his criminal history category of IV overrepresented the seriousness of his record. But the court expressly rejected Weeks's argument regarding his criminal history category, noting that Weeks possessed a firearm shortly after beginning supervision for prior breaking and entering and larceny convictions. The court also considered Weeks's difficult childhood, including the loss of family members to addiction and other traumatic experiences, but concluded that those circumstances did not outweigh the seriousness of his participation in distributing large quantities of fentanyl. In addition, the court addressed mitigating factors including Weeks's work history, education, family support, and claimed efforts to distance himself from gang activity, while noting evidence of significant recent gang involvement. We discern no error in the court's determination that Weeks's sentence was necessary to promote respect for the law and deter fentanyl trafficking.

If the district court has not committed procedural error, we then assess the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). Because the district court properly calculated the advisory Guidelines range, and Weeks's sentence was within that range, we presume that his sentence is substantively reasonable. *United States v. Gutierrez*, 963 F.3d

4

320, 344 (4th Cir. 2020). Weeks has failed to rebut this presumption on appeal by showing that his sentence is unreasonable when measured against the § 3553(a) factors. *See id.*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*